LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE, SUITE 1600
PHOENIX, ARIZONA 85004
(602) 271-7700

Robert T. Sullivan (Ariz. Bar No. 022719)
rts@bowwlaw.com
Alicyn M. Freeman (Ariz. Bar No. 023916)
amf@bowwlaw.com
Minute Entries/Orders
cjg@bowwlaw.com

*Attorneys for Defendant State Farm Fire and Casualty Company*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anderson Phillips and Jasmine Phillips, husband and wife, | No. |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| vs. | |
| State Farm Fire and Casualty Company, an Illinois corporation, | |
| Defendant. | |

**TO:   Clerk of the United States Court for the District of Arizona:**

Please take notice that Defendant State Farm Fire and Casualty Company ("State Farm") hereby removes this action from the Superior Court of Arizona, Maricopa County, to this Court pursuant to the Class Action Fairness Act ("CAFA"). Removal is proper under 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(a) and (b) for the following reasons:

**I.   This Notice of Removal is Timely and Properly Filed.**

1.   Plaintiffs originally filed their Complaint against State Farm in this action in

Maricopa County Superior Court on September 30, 2016, but did not allege a putative class action suit. The Plaintiffs sought leave to amend the Complaint to allege putative class action claims against State Farm. Maricopa County Superior Court granted leave to amend, and the Plaintiffs filed a First Amended Class Action Complaint on June 3, 2019. State Farm has timely filed this Notice of Removal within 30 days of service of the First Amended Class Action Complaint as required by 28 U.S.C. § 1446(b).

2. This Notice of Removal is signed by counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. § 1446(a).

3. Pursuant to 28 U.S.C. § 1446(d) and Local Rule 3.6(a), State Farm is providing copies of this Notice of Removal to counsel for Plaintiffs and to the Maricopa County Superior Court.

4. Pursuant to Local Rules 3.6(a), State Farm is attaching the most recent version of the docket as published by the Clerk of the Court for Maricopa County Superior Court as Exhibit 1. In addition, pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.6(b), true and correct copies of "all process, pleadings, and orders" served on State Farm and filed in State Court are attached as Exhibit 2, along with a verification from undersigned counsel that Exhibit 2 contains "true and correct copies of all pleadings and other documents filed in the state court proceeding."

5. This Court has jurisdiction under 28 U.S.C. § 1332(d), as this is a civil action in which the matter in controversy exceeds the jurisdictional minimum of $5,000,000, exclusive of interests and costs, and is a class action in which a member of the putative class is a citizen of a State different from State Farm and the number of putative class members exceeds 100. Therefore, this action may be removed to this Court under 28 U.S.C. § 1453(b).

**II.    This Civil Suit is a Class Action With More Than 100 Class Members.**

6. The First Amended Class Action Complaint asserts putative class action claims under Rule 23 of the Arizona Rule of Civil Procedure. (First Amended Class Action

Complaint, ¶¶ 44-74.)  Thus, this civil action meets the definition of "class action" in 28 U.S.C. § 1332(d)(1)(B).

7. The First Amended Class Action Complaint alleges that the number of putative class members "is at least in the hundreds."  (First Amended Class Action Complaint, ¶ 64.)

**III.   Minimal Diversity Exists.**

8. Plaintiffs Anderson Phillips and Jasmine Phillips are citizens of Arizona.  (First Amended Class Action Complaint, ¶ 1.)

9. Defendant State Farm is a corporation incorporated in the State of Illinois with its principal place of business in the State of Illinois.  (First Amended Class Action Complaint, ¶ 2.)  Therefore, State Farm is a citizen of Illinois, and is a citizen of a different State than Plaintiffs and one or more members of the putative class.  28 U.S.C. § 1332(c)(1), d(2)(A).

10. Because Defendant State Farm is not a citizen of Arizona, subsections § 1332(d)(3) and (d)(4) do not apply and this Court may not decline jurisdiction.

**IV.   The Amount in Controversy Exceeds $5,000,000.**

11. To confer subject matter jurisdiction on this Court, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs.

12. Plaintiffs allege that State Farm utilizes an Xactimate estimating tool to adjust residential and commercial property loss claims, and that the Xactimate tool has "two different data bases: a restoration database and new construction database."  (First Amended Class Action Complaint, ¶¶ 22-25.)  "The new construction database includes efficiencies in labor cost associated with ground up construction and produces a lower cost estimate than the 'Renovation/Repair Pricing' database would produce for the same scope of work."  (*Id*. at ¶ 28.)  Plaintiffs allege that State Farm utilized the new construction database on claims that did not require a ground-up rebuild "to fraudulently lower the amount paid on Replacement Cost Value claims."  (*Id*. at ¶ 34.)  They seek to represent a "statewide" class consisting of "[a]ll persons or entities, within the applicable statutes of limitation, who purchased a

commercial or residential property insurance policy from State Farm … who suffered a covered property loss requiring repair or renovation, for whom State Farm provided Xactimate estimates for RCV or ACV using New Construction labor pricing …." (*Id.* at ¶ 44.) Plaintiffs allege several class claims based on these allegations, including a claim for breach of contract, which includes a six-year statute of limitations. Ariz. Rev. Stat. § 12-548.

13. Plaintiffs do not specifically allege in their First Amended Class Action Complaint the dollar impact labor efficiencies have on Xactimate estimates produced using the new construction database as opposed to estimates based on restoration database pricing. However, in their Motion for Leave to Amend Complaint to Class Action, Plaintiffs alleged that the use of the new construction database instead of the restoration database resulted in lower replacement cost value and actual cost value estimates by eight (8) to twelve (12) percent, based on deposition testimony by "Mr. Robert Gonzales, a claims handler who has worked for State Farm for the past 29 years." (Motion for Leave to Amend Complaint to Class Action, at 2-3.)

14. Based upon a preliminary examination of State Farm's business records, eight (8) percent of the aggregate amount of estimates for residential and commercial property claims in Arizona where an Xactimate estimate was prepared using new construction labor pricing from 2011 to present exceeds $5,000,000. Accordingly, the amount in controversy based on the allegations of Plaintiffs is greater than $5,000.000. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.").

15. Plaintiffs also allege that (i) State Farm underpaid their insurance claim by approximately $50,000, (ii) their claims are typical of the putative class, and (iii) the class size is "in the hundreds." (First Amended Class Action Complaint, ¶¶ 14-16, 64, 66.) Thus, based on Plaintiffs' allegations and assuming for purposes of this Notice of Removal only that

Plaintiffs could establish similar damages for the putative class, the amount of compensatory damages in controversy totals $10 million ($50,000 x approximately 200 claims/insureds).

**V.     Conclusion.**

16.     This Court has jurisdiction over this case because this Notice of Removal was timely and properly filed, this case is a putative class action where the Plaintiffs and all class members are citizens of a State different than Defendant State Farm, the alleged class members exceed 100, and the amount in controversy exceeds $5 million.  Accordingly, State Farm respectfully requests that this Court assume full jurisdiction over the causes herein as provided by law.  In filing this Notice of Removal, State Farm does not waive, and expressly reserves, any defense that may be available to it.

17.     The undersigned has read this Notice of Removal and, to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, certifies that State Farm's factual allegations have evidentiary support and its legal contentions are warranted by existing law.  The undersigned also certifies that this Notice of Removal is not presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

DATED this 1st day of July, 2019.

BROENING OBERG WOODS & WILSON, P.C.

By: */s/ Alicyn M. Freeman*
Robert T. Sullivan
Alicyn M. Freeman
2800 N. Central Avenue, Suite 1600
Phoenix, Arizona 85004
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2019, I caused the attached documents to be electronically transmitted to the Clerk's office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants:

Michael N. Poli
Jeff G. Zane
MERLIN LAW GROUP P.A.
2999 North 44th Street, Suite 520
Phoenix, AZ 85018
mpoli@merlinlawgroup.com
jzane@merlinlawgroup.com
*Attorneys for Plaintiffs*

Stephen E. Silverman
STEPHEN SILVERMAN LAW
6945 East Sahuaro Drive, Suite 125
Scottsdale, Arizona 85254
steve@stephensilverman.com
*Attorney for Plaintiffs*


By */s/ Suzanne Beard*