LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE, SUITE 1600
PHOENIX, ARIZONA  85004
(602) 271-7700

Robert T. Sullivan (Ariz. Bar No. 022719)
rts@bowwlaw.com
Alicyn M. Freeman (Ariz. Bar No. 023916)
amf@bowwlaw.com
Minute Entries/Orders
cjg@bowwlaw.com

*Attorneys for Defendant State Farm Fire
and Casualty Company*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anderson Phillips and Jasmine Phillips, husband and wife,<br><br>                            Plaintiffs,<br><br>vs.<br><br>State Farm Fire and Casualty Company, an Illinois corporation,<br><br>                            Defendant. | No. 2:19-CV-04605-GMS<br><br>**STATE FARM'S MOTION TO DISMISS COUNTS III AND IV OF THE FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>(Oral Argument Requested)<br><br>(Assigned to the Hon. G. Murray Snow) |

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through

undersigned counsel, hereby moves pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss

Counts III and IV of Plaintiff's First Amended Class Action Complaint ("First Amended

Complaint").  Count III, unjust enrichment, must be dismissed where the dispute between

the parties is governed by contract.  Plaintiffs and the putative class members cannot state

a claim for unjust enrichment as the relationship between Plaintiffs and the putative class members and State Farm is governed by contract (insurance policies).  Counts I and II of the First Amended Complaint already allege claims arising out of the alleged breach of the insurance policies and for tortious bad faith claims handling.  Plaintiffs and putative class members have adequate remedies under Arizona law and cannot pursue a claim for unjust enrichment against State Farm as a matter of law.

Count IV, misrepresentations and false disclosures under Arizona Revised Statutes ("A.R.S.") § 20-443, requires a showing of a false and misleading statements related to the *sale* of insurance policies.  The First Amended Complaint alleges only false and misleading statements made regarding the *adjustment of claims* under the insurance policies. There is no allegation in the First Amended Complaint of a false and misleading statement related to the sale of State Farm insurance policies. Dismissal of Count IV is warranted. Alternatively, assuming *arguendo* the First Amended Complaint states a valid claim under § 20-443, Plaintiffs' individual claim under Count IV is barred by the one-year statute of limitations and it does not relate back to the original Complaint.  Accordingly, State Farm respectfully requests this Court dismiss Counts III and IV of the First Amended Complaint. This Motion is supported by the following memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    PROCEDURAL BACKGROUND

Plaintiffs Anderson and Jasmine Phillips ("Plaintiffs") originally filed a Complaint in Maricopa County Superior Court on September 30, 2016, alleging claims for breach of

contract and a tortious bad faith against State Farm.  Plaintiffs subsequently sought leave to amend the Complaint to add class action claims and to add the claims of unjust enrichment (Count III) and misrepresentations and false disclosures under A.R.S. § 20-443 (Count IV), for both Plaintiffs and the putative class members.  State Farm opposed the request, arguing, in relevant part, that adding the claims for unjust enrichment and misrepresentations and false disclosures under A.R.S. § 20-443 would be futile as to both Plaintiffs and the putative class members.

Although the Maricopa County Superior Court granted leave to amend the Complaint to add the class claims and the newly alleged unjust enrichment and misrepresentation claims, the court explicitly stated it was not "determining whether the new claims in the amended complaint relate back to the date of the original complaint (Rule 15(c), Ariz. R. Civ. P.) or whether such claims are sufficient under Rule 12(b)(6), Ariz. R. Civ. P.," and it would leave those determinations for a later date after additional briefing had been filed. [Maricopa County Superior Court Order 05/30/19, at 5.]  The First Amended Class Action Complaint was filed on June 3, 2019.  State Farm removed this case to this Court on July 1, 2019.  State Farm timely filed this Motion to Dismiss. *See* Fed. R. Civ. P. 81(c)(1)(C).

**II.    FACTUAL ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

For purposes of a motion to dismiss, the facts alleged in a complaint are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The facts alleged in the First Amended Complaint reflect the following.

On December 6, 2015, a fire damaged Plaintiffs' residence located in Phoenix, Arizona, and Plaintiffs made a claim under State Farm Policy Number 03-J4-4660-2 ("Policy").  [First Amended Complaint, ¶¶ 5-8.]  Plaintiffs utilized a public adjuster, Skipton & Associates, Inc., who estimated the cost to repair the home to be $203,114.69. [First Amended Complaint, ¶¶ 13-14.]  State Farm estimated the replacement cost of the home to be $153,759.64, and Plaintiffs allege that State Farm did not ultimately pay "the full amount due."  [First Amended Complaint, ¶ 15.]

The Plaintiffs allege that State Farm utilizes an Xactimate estimating tool to adjust residential and commercial property loss claims, and that the Xactimate tool has "two different databases: a restoration database and new construction database."  [First Amended Complaint, ¶¶ 22-25.]  "The new construction database includes efficiencies in labor cost associated with ground up construction and produces a lower cost estimate than the 'Renovation/Repair Pricing' database would produce for the same scope of work."  [*Id*., ¶ 28.]  Plaintiffs allege that State Farm utilized the new construction database on claims that did not require a ground-up rebuild "to fraudulently lower the amount paid on Replacement Cost Value claims."  [*Id*., ¶ 34.]  Plaintiffs allege that State Farm knowingly "misrepresented the replacement cost value the class members were entitled to by using the new construction database for restoration property claims," and the class members "reasonably relied" upon the alleged misrepresentation regarding the replacement cost value.  [*Id.*, ¶¶ 37-41.]

The putative statewide class members are defined as "[a]ll persons or entities, within the applicable statute of limitation, who purchased a commercial or residential property insurance policy from State Farm or its affiliates, entities, or subsidiaries, who suffered a covered property loss requiring repair or renovation, for whom State Farm provided Xactimate estimates for RCV [Replacement Cost Value] or ACV [Actual Cost Value] using New Construction labor pricing …." [First Amended Complaint, ¶ 44.]

## III.    LEGAL ARGUMENT

### A.  Applicable Law For Motions To Dismiss

A pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading that fails to state a claim upon which relief can be granted must be dismissed. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this Court accepts as true "all well-pleaded allegations of fact in the complaint and construes them in the light most favorable to the non-moving party," *see Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019) (internal quotation omitted), it does not accept as true "legal conclusions contained in the complaint" or "allegations that contradict matters properly subject to judicial notice or by exhibit," *Saldana v. Occidental Petroleum Corp.*, 774 F.3d 544, 551 (9th Cir. 2014) (internal quotation and citation omitted).

**B. Neither Plaintiffs Nor Any Putative Class Member Can Bring A Claim For Unjust Enrichment**

Plaintiffs' unjust enrichment claim is based on the allegation that "State Farm was unjustly enriched by retaining an illicit profit from … utilizing the new construction database." [First Amended Complaint, ¶ 36.] Plaintiffs allege they and all putative class members "conferred a direct benefit on State Farm through payments for the Property Insurance Policies allowing State Farm to enrich itself to the detriment of Plaintiffs and the Class." [*Id.*, ¶ 67.] Plaintiffs, however, cannot state a claim for unjust enrichment.

To prevail on an unjust enrichment claim in Arizona, a plaintiff must prove five elements: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment and (5) *an absence of a remedy provided by law*." *Stratton v. Am. Med. Sec., Inc.*, 266 F.R.D. 340, 353-54 (D. Ariz. 2009) (emphasis added). "'[W]here there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.'" *Johnson v. American Nat. Ins. Co.*, 613 P.2d 1275, 1279 (Ariz. Ct. App. 1980) (quoting *Brooks v. Valley National Bank*, 548 P.2d 1166, 1171 (Ariz. 1976)); *see also Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 408 (9th Cir. 1992) (following *Brooks* and concluding, "Vintage cannot recover on its claims of unjust enrichment and breach of implied contract, however, because Vintage's relationship with Sutter Home was governed by a valid express contract").

6

The First Amended Complaint admits Plaintiffs have a contract with State Farm—the Policy—which "was in full force and effect" on the date of the fire.  [First Amended Complaint, ¶¶ 5, 7, 8.]  Additionally, all putative class members are alleged to have "a commercial or residential property insurance policy" with State Farm.  [*Id.*, ¶ 44.]  In fact, Plaintiffs and putative class members would not have breach of contract claims without the existence of insurance policies that govern the relationship between the parties.  Plaintiffs and putative class members may not "avoid possible contractual limitations on [their] recovery by resorting to an unjust enrichment cause of action."  *See Trustmark Ins. Co. v. Bank One, Arizona, NA*, 48 P.3d 485, 492, ¶¶ 34, 37 (Ariz. Ct. App. 2002).  Further, they cannot alternatively plead an unjust enrichment theory when it is clear that the relationship between Plaintiffs and putative class members with State Farm is governed by an undisputed contract. *See Johnson v. KB Home*, 720 F. Supp. 2d 1109, 1122 (D. Ariz. 2010) ("Although a plaintiff may plead an unjust enrichment claim in the alternative where the validity of a relevant contract is in doubt, he may not bring such a claim where a specific contract governs the parties' relationship.").

Moreover, Plaintiffs and putative class members already have another alternative adequate remedy by law when—in addition to breach of contract claims—they are permitted to bring bad faith claims under Arizona law.  *See Noble v. National American Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981) ("We have determined that it is reasonable to conclude that there is a legal duty implied in an insurance contract that the insurance company must act in good faith in dealing with its insured on a claim, and a violation of

7

that duty of good faith is a tort."). Although a cause of action for bad faith is a tort claim, it "stems from the duty of good faith and fair dealing, which is derived from the underlying contractual relationship and is implied in all contracts." *Taylor v. State Farm Mut. Auto. Ins. Co.*, 913 P.2d 1092, 1094 (Ariz. 1996). The Arizona Supreme Court has held that "an insurer may be held liable in [a bad faith case] when it seeks to gain unfair financial advantage of its insured through conduct that invades the insured's right to honest and fair treatment." *Rawlings v. Apodaca*, 726 P.2d 565, 572 (Ariz. 1986). An "insurer's eventual performance of the express covenant—by paying the claim—does *not* release it from liability for 'bad faith.'" *Id.* (emphasis in original). Thus, Plaintiffs and putative class members already have an adequate alternative remedy under Arizona law because they can seek recourse for the alleged conduct through a bad faith cause of action, which means an unjust enrichment cause of action is entirely inapplicable. *See Johnson*, 720 F. Supp. 2d at 1123 (dismissing unjust enrichment claims when plaintiffs had an adequate remedy at law because "Arizona contracts contain an implied covenant of good faith and fair dealing" and "a party can breach this covenant without breaching an express term of the contract").

Plaintiffs have previously argued that they should be permitted to bring an unjust enrichment claim notwithstanding the fact they have adequate remedies at law because of the "exceptions" of "opportunistic breach and the prevention doctrine." [Plaintiffs' Reply in Support of Plaintiffs' Motion for Leave to Amend Complaint to Class Action, at 7-8.] Plaintiffs' argument regarding "opportunistic breach" was based on the Restatement (Third) of Restitution and Unjust Enrichment § 39 (2011). That section provides: "If a

deliberate breach of contract results in profit to the defaulting promisor and the available damage remedy affords inadequate protection to the promisee's contractual entitlement, the promisee has a claim to restitution of the profit realized by the promisor as a result of the breach." RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 39 (2011). Arizona has declined to adopt this Restatement. *KnightBrook Insurance Company v. Payless Car Rental System Incorporated*, 409 P.3d 293, 298, ¶ 20 (Ariz. 2018) ("Although we leave for another day whether to adopt other portions of the First or Third Restatements of Restitution, we now decline to adopt First Restatement § 78 because it is contrary to Arizona's equitable indemnity principles and does not, in our view, reflect a sound rule."). In any event, Arizona has provided protection to insureds under insurance policies by permitting the tort claim for bad faith. *See Noble*, 624 P.2d at 868. Therefore, Arizona has already provided a remedy that affords adequate protection to an insured. *See* RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 39 cmt. c (2011) ("If the promisee's contractual entitlement is adequately protected by a judgment for money damages, there is no claim to restitution by the rule of this section.").

Plaintiffs' previous argument regarding the "prevention doctrine" is misplaced. The prevention doctrine relates to the interpretation of contracts. It is an exception to the general rule that "one is not bound by a conditional contract until the condition occurs," and this exception "provides that when a promisor wrongfully prevents a condition from occurring that condition is excused." *Shear v. Nat'l Rifle Ass'n of America*, 606 F.2d 1251,

9

1254-55 (D.C. Cir. 1979). This principle of contract law has no application to an unjust enrichment cause of action.

In sum, neither Plaintiffs nor the putative class members can bring an unjust enrichment claim because they have pled the existence of valid contracts (the insurance policies) and adequate remedies for breach of contract and bad faith exist for their allegations. Accordingly, Plaintiffs have failed to state a claim for unjust enrichment for which relief could be granted and this claim must be dismissed as to Plaintiffs and putative class members.

### C. The Plaintiffs Have Not Stated A Claim for Relief For False Misrepresentations And False Disclosures Under A.R.S. § 20-443

Plaintiffs have also failed to state a claim under A.R.S. § 20-443 for which relief can be granted for either Plaintiffs or putative class members. Plaintiffs generally allege that State Farm "misrepresented the replacement cost value the class members were entitled to by using the new construction database for restoration property claims." [First Amended Complaint, ¶ 37.] Specifically with regard to Count IV, Plaintiffs allege that "State Farm made false and misleading statements as to the benefits available to the Plaintiff and Class Members under the policy" and these alleged false and misleading statements induced "Plaintiffs and Class Members to accept settlement payments for RCV or ACV based upon false labor costs." [*Id.*, ¶¶ 72-73.] Plaintiffs have not stated a claim for which relief can be granted under A.R.S. § 20-443 because their factual allegations

relate to estimates created during the adjustment of claims under the policies, not the sale of policies.  [*See id.*, ¶¶ 37, 72-73.]

Section 20-443 provides, in relevant part, that "[a] person shall not make, issue or circulate, or cause to be made, issued or circulated, any estimate, illustration, circular, sales material or statement … [m]isrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised …." This statute does not apply to alleged misrepresentations or false statements made during the ***adjustment*** of a claim and prohibits only "misrepresentations and false or misleading statements about the ***sale or advertisement of an insurance policy***." *Enyart v. Transamerica Ins. Co.*, 985 P.2d 556, 563, ¶ 21 (Ariz. Ct. App. 1998) (emphasis added).  As already discussed, Arizona courts have provided a tort of bad faith to address Plaintiffs' allegation of misrepresentation which has been pled in this case. *See Noble*, 624 P.2d at 867-68.

In a later section within the same article, § 20-461, the Arizona Legislature also prohibited misrepresentations during the adjustment of insurance claims, and specified that these types of misrepresentations ***do not*** "provide any private right or cause of action," § 20-461(D).  This is consistent with the fact that Arizona courts have provided a tort of bad faith to address Plaintiffs' allegation of misrepresentation.  Plaintiffs are attempting to circumvent this restriction by citing A.R.S. § 20-443, which does allow a private right of action. *See Sparks v. Republic Nat. Life Ins. Co.,* 647 P.2d 1127, 1139 (Ariz. 1982). However, as stated *supra*, section 20-443 does not apply to alleged misrepresentations of

11

claims during the adjustment process.[1] Such an interpretation would circumvent the Arizona Legislature's clear intent that there be no private right of action under § 20-461 and render it a nullity.[2] *See Pinal Vista Properties, L.L.C. v. Turnbull*, 91 P.3d 1031, 1033, ¶ 10 (Ariz. Ct. App. 2004) ("Statutes related to the same subject or having the same general purpose, i.e., statutes that are in *pari materia*, should be read in connection with, or should be construed with other related statutes, as though they constituted one law.") (internal quotation omitted); *see also Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 682 P.2d 388, 402 (Ariz. 1984) (referencing A.R.S. § 20-443 in discussion of duties owed by insurers and insurance agents while *selling* insurance policies). Accordingly, the facts alleged by Plaintiffs do not state a claim for relief under A.R.S. § 20-443 as to the Plaintiffs and the putative class members and Count IV should be dismissed.

---

[1] The First Amended Complaint erroneously alleges that underpayment of claims is a misrepresentation under A.R.S. § 20-443. [First Amended Complaint, ¶ 73.]

[2] The statutory scheme also reflects the Arizona Legislature's intent that § 20-443 is limited to the misrepresentations made during the issuance or sales of policies. *See City of Casa Grande v. Arizona Water Co.*, 20 P.3d 590, 593, ¶ 6 (Ariz. Ct. App. 2001) (providing statutes must be considered "in the context of the entire statutory scheme of which it is a part") (internal quotation omitted). The next statutory provision, § 20-443.01, provides, "It is unlawful for a person to knowingly make any misrepresentations as proscribed by § 20-443 in the sale of insurance" and that such conduct constitutes a class 5 felony. This provision shows that the misrepresentations listed in § 20-443 all relate to the *sale* of insurance, and if done knowingly, then the misrepresentations are a crime. Further, provisions around § 20-443 discuss regulating trade practices in "the business of insurance," *see* A.R.S. §§ 20-441, -444, while the provisions of § 20-461 relate to the "general business practice" of insurance, reflecting the distinction between the sale of insurance policies (business of insurance) and the settlement of claims under policies (general business practice).

Further, the bare allegation that "State Farm made, issued, circulated or caused to be made or circulated estimated, illustrations, circulars, sales material or statements misrepresenting the terms of the policy issued" [First Amended Complaint, ¶ 74], does not suffice to state a claim for relief under § 20-443. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A plaintiff "must plead with particularity the statutory elements found in [§ 20-443]." *Williamson v. Allstate Ins. Co.*, 204 F.R.D. 641, 644 n.4 (D. Ariz. 2001); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Plaintiffs have not identified with particularity any false or misleading statements made in connection with the sale of the insurance policies. The factual allegations in the First Amended Complaint relate only to estimates created during the adjustment of claims under the policies. Therefore, Plaintiffs have failed to plead with particularity any claim for relief under A.R.S. § 20-443 as to the Plaintiffs or the putative class members and Count IV should be dismissed.

In addition, assuming *arguendo* the allegations have stated a claim for relief under § 20-443, Plaintiffs cannot assert an individual claim for misrepresentations and false disclosures under A.R.S. § 20-443 because this claim would be barred by the one-year statute of limitations. A.R.S. § 12-541(5); *see also Sparks*, 647 P.2d at 1139. The facts disclosed in support of the original Complaint do not allege any misrepresentations made with the sale of the policy. Thus, any new misrepresentations claim under § 20-433 would

13

not "relate back" to the filing of the original Complaint. *See* Fed. R. Civ. P. 15(c). For this additional reason, Count IV must be dismissed as to Plaintiffs.

## IV.     CONCLUSION

For all of the foregoing reasons, State Farm respectfully requests this Court dismiss Counts III and IV of the First Amended Complaint because these counts fail to state a claim for which relief can be granted as to both Plaintiffs and the putative class members.

DATED this 8th day of July, 2019.

BROENING OBERG WOODS & WILSON, P.C.


By: */s/ Alicyn M. Freeman*
　　Robert T. Sullivan
　　Alicyn M. Freeman
　　2800 N. Central Avenue, Suite 1600
　　Phoenix, Arizona 85004
　　*Attorneys for Defendant*
　　*State Farm Fire and Casualty Company*

14

## CERTIFICATION PURSUANT TO LOCAL RULE 12.1(C)

Undersigned counsel for State Farm, Alicyn M. Freeman, hereby certifies that she notified counsel for the Plaintiffs on July 2, 2019 by an emailed letter, and by a phone call on July 8, 2019, regarding the issues asserted in the attached Motion to Dismiss and the parties were unable to agree that the First Amended Complaint was curable in any part by a permissible amendment.

DATED this 8th day of July, 2019.

BROENING OBERG WOODS & WILSON, P.C.


By: */s/ Alicyn M. Freeman*
Robert T. Sullivan
Alicyn M. Freeman
2800 N. Central Avenue, Suite 1600
Phoenix, Arizona 85004
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

15

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2019, I caused the attached documents to be electronically transmitted to the Clerk's office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants:

Michael N. Poli
Jeff G. Zane
MERLIN LAW GROUP P.A.
2999 North 44th Street, Suite 520
Phoenix, AZ 85018
mpoli@merlinlawgroup.com
jzane@merlinlawgroup.com
*Attorneys for Plaintiffs*

Stephen E. Silverman
STEPHEN SILVERMAN LAW
6945 East Sahuaro Drive, Suite 125
Scottsdale, Arizona 85254
steve@stephensilverman.com
*Attorney for Plaintiffs*

By */s/ Suzanne Beard*

16