LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE, SUITE 1600
PHOENIX, ARIZONA 85004
(602) 271-7700

Robert T. Sullivan (Ariz. Bar No. 022719)
rts@bowwlaw.com
Alicyn M. Freeman (Ariz. Bar No. 023916)
amf@bowwlaw.com
Alice M. Jones (Ariz. Bar No. 028062)
amj@bowwlaw.com
Minute Entries/Orders
cjg@bowwlaw.com
*Attorneys for Defendant State Farm Fire
and Casualty Company*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anderson Phillips and Jasmine Phillips, husband and wife, | No. 2:19-CV-04605-GMS |
| Plaintiffs, | **STATE FARM'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNTS III AND IV OF THE FIRST AMENDED CLASS ACTION COMPLAINT** |
| vs. | |
| State Farm Fire and Casualty Company, an Illinois corporation, | (Oral Argument Requested) |
| Defendant. | (Assigned to the Hon. G. Murray Snow) |

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through undersigned counsel, hereby files its Reply in support of its Motion to Dismiss Counts III and IV of Plaintiff's First Amended Class Action Complaint ("Motion to Dismiss"). Counts III and IV of the First Amended Complaint do not state a claim for relief under Arizona law.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

Plaintiffs have adequate remedies under Arizona law if they prevail on their breach of contract and bad faith claims.  Plaintiffs nonetheless purport to assert two additional causes of action and remedies (Counts III and IV) that do not exist under Arizona law.  This Court should dismiss these claims, which fail as a matter of Arizona law.

The Arizona Supreme Court has squarely held that, if a valid contract governs the relationship of the parties, they cannot assert a claim for unjust enrichment.  Because the insurance policies govern the relationship of the parties here, Plaintiffs have no claim for unjust enrichment.  Moreover, Arizona would not adopt Section 39 of the Restatement (Third) of Restitution and Unjust Enrichment (the "Restatement"), when:  (1) it does not provide a sound and sensible rule; (2) it does not provide an unjust enrichment cause of action; and (3) Arizona has long recognized the tort of bad faith to remedy an alleged deliberate breach of an insurance contract.

Plaintiffs have also not pled a claim under Arizona law in Count IV.  Claims under A.R.S. § 20-443 must be based on misrepresentations made in connection with the sale of insurance policies.  Plaintiffs have alleged no facts whatsoever regarding any such misrepresentation.  Instead, they point only to language in their insurance policy, which properly represents that State Farm will repair or replace with similar construction and makes no representation regarding Xactimate.  The policy is not an "estimate, illustration,

2

circular, sales material or statement," as required by A.R.S. § 20-443. Reference to the policy language, only, falls far short of stating a claim for relief under Section 20-443. Further, any new misrepresentation claim under Section 20-443 would not relate back to the filing of the original Complaint, which alleged only that State Farm had failed to fully compensate Plaintiffs under their insurance policy. [*See* Exhibit A (Original Complaint filed in state court).]

For the reasons stated in the Motion to Dismiss and this memorandum of points and authorities, this Court should dismiss Counts III and IV of the First Amended Complaint with prejudice.

## I.    THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT.

In ruling on State Farm's Motion to Dismiss, this Court must apply the substantive law of Arizona to resolve state-law claims. *See McClaran v. Plastic Indus., Inc.*, 97 F.3d 347, 356 (9th Cir. 1996). This Court seeks to "approximate state law as closely as possible" and is "bound by the pronouncements of the state's highest court on applicable state law." *Ticknor v. Choice Hotels Intern., Inc.*, 265 F.3d 931, 939 (9th Cir. 2001) (internal quotation and citation omitted). Only if the Arizona Supreme Court has not decided an issue will this Court predict how that court would resolve the issue and, in making such an assessment, this Court looks only to "existing state law without predicting potential changes in that law." *Id.*

### A.     Plaintiffs cannot plead unjust enrichment under Arizona law.

The Arizona Supreme Court has expressly held that "where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Brooks v. Valley Nat. Bank*, 113 Ariz. 169, 174 (1976).  Plaintiffs fully admit that they and putative class members have valid, enforceable insurance policies (as they must to bring Counts I and II).  [Dkt. 11, at 8.]  The crux of Plaintiffs' First Amended Complaint is that State Farm has not fully paid them for their large loss claims under their insurance policies.  State Farm asserts that it has fully compensated Plaintiffs under the terms of the insurance policies.  If Plaintiffs prevail, they have a breach of contract remedy (and possible bad faith remedy).  If State Farm prevails, then it did not breach the terms of the insurance policies and "any perceived 'enrichment' was not unjust." *Trustmark Ins. Co.*, 48 P.3d at 492, ¶ 35.  Thus, Plaintiffs cannot assert a claim for unjust enrichment, even in the alternative.

The Arizona Court of Appeals decision in *Trustmark Ins. Co. v. Bank One, Arizona, NA* ("*Trustmark*") is analogous to this case.  There, the parties had a dispute arising from a wire transfer agreement.  48 P.3d at 486, ¶ 3.  The Court of Appeals affirmed the trial court's granting of a judgment as a matter of law as to the plaintiff's unjust enrichment claim.  *Id.* at 492-93, ¶¶34-37.  The court held the "existence of a contractual relationship that can be evaluated in a breach of contract action" precluded an unjust enrichment claim—if the defendant had been contractually obligated to make the wire transfers, then the plaintiff had a breach of contract remedy and, if defendant was not obligated to transfer

the funds, "any perceived 'enrichment' was not unjust." *Id.* at 492, ¶ 35. The court further held that the decision in *Adelman v. Christy*, 90 F.Supp.2d 1034 (D. Ariz. 2000), which Plaintiffs cite in their Response (Dkt. 11, at 8-9), does not apply to this situation:

> Finally, Trustmark relies on *Adelman v. Christy*, 90 F.Supp.2d 1034 (D. Ariz. 2000), for the proposition that it may pursue an unjust enrichment claim even if it had a legal remedy in the form of a breach of contract claim. However, we find *Adelman* to be distinguishable. In *Adelman*, the plaintiff sought to recover for research services she had provided the defendant author and publisher of a book. 90 F.Supp.2d at 1036. The *Adelman* court concluded that the plaintiff could pursue an unjust enrichment claim as an alternative theory of recovery in conjunction with her breach of contract claim, subject to only one recovery. *Id.* at 1045–46. The court held that allowing the alternative theory of recovery was appropriate in case the contract was found invalid or the plaintiff was deemed the breaching party, in which case the plaintiff would not have a remedy at law to recover payment for the services she had rendered. *Id.* at 1045, n. 10.

*Trustmark Ins. Co.*, 48 P.3d at 492-93, ¶ 36.

Here, as in *Trustmark*, neither party disputes the existence of a contractual relationship or the validity of the insurance policies. Instead, like the plaintiff in *Trustmark*, Plaintiffs here seek "to avoid possible contractual limitations on [their] recovery by resorting to an unjust enrichment cause of action." *Id.* at 493, ¶ 37. Thus, *Adelman* is inapplicable and Plaintiffs cannot bring an unjust enrichment as an alternative claim. *Johnson v. KB Home*, 720 F.Supp.2d 1109, 1122 (D. Ariz. 2010).

Plaintiffs also misconstrue the additional statement by the Arizona Supreme Court in *Brooks* that "[a] person is not entitled to compensation on the grounds of unjust enrichment if he receives from the other that which it was agreed between them the other should be given in return." 548 P.2d at 1171. [*See* Dkt. 11, at 8-9.] This is an entirely

5

separate reason for not permitting an unjust enrichment claim and does not modify the next sentence of the opinion which unequivocally states that Arizona does not permit a party who has a valid contract to bring an unjust enrichment claim.  There is no support for the proposition that a party may bring an alternative unjust enrichment claim if he or she claims to not have received the benefit under a contract (which would essentially be every breach of contract case).  *See also Util. Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 689 (7th Cir. 2004) ("The reason for prohibiting a claim of unjust enrichment between contracting parties is to prohibit a party whose expectations were not realized under the contract from nevertheless recovering outside of the contract."). To the extent *Adelman* suggests otherwise, it is inconsistent with Arizona law and not controlling.  *Trustmark Ins. Co.*, 48 P.3d at 493, ¶ 37 (concluding *Brooks* controlled over *Adelman*).

**B.    Arizona would not adopt Section 39 of the Restatement in insurance breach of contract cases.**

No Arizona appellate court has specifically discussed or adopted Section 39 of the Restatement.  Although Arizona generally follows the Restatement of Laws when there is no statute or case law on point, it will only do so if the Restatement "prescribes a sound and sensible rule." *Cramer v. Starr*, 375 P.3d 69, 75, ¶ 21 (Ariz. 2016) (internal quotation omitted).  Few courts have adopted this section of the Restatement, and Justices of the United States Supreme Court have sharply criticized it:

> This Court, however, has never before relied on § 39 nor adopted its proposed theory of disgorgement. And for good reason: It lacks support in the law. One reviewer of § 39 has described it as a "novel extension" of restitution principles that "will alter the doctrinal landscape of contract law."

6

Roberts, *Restitutionary Disgorgement for Opportunistic Breach of Contract and Mitigation of Damages*, 42 LOYOLA (LA) L. REV. 131, 134 (2008). And few courts have ever relied on § 39. The sheer novelty of this proposed remedy counsels against applying it here.

*Kansas v. Nebraska*, 135 S. Ct. 1042, 1068–69 (2015) (Thomas, J, concurring in part and dissenting in part). Section 39 does not provide a sound and sensible rule.

In any event, Section 39 ***does not*** provide for a cause of action for unjust enrichment. Instead, it provides an additional remedy for a deliberate breach of contract ***only if*** "the available damage remedy affords inadequate protection to the promisee's contractual entitlement." RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 39(1) (2011). For this reason, this remedy is "infrequently available." *Id.*, cmt. a.

Plaintiffs have more than adequate protection under Arizona law. Arizona permits an insured to bring a tort claim for bad faith when an "insurance company intentionally denies, fails to process or pay a claim without a reasonable basis for such action." *Noble v. Nat'l American Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981). In other words, Arizona has already provided a cause of action and remedies when an insurance company deliberately breaches an insurance contract. In fact, Arizona made tort remedies available for bad faith claims in insurance cases—which include damages for all losses including "damages for pain, humiliation and inconvenience, as well as for pecuniary losses" and punitive damages when the insurance companies "conduct was aggravated, outrageous, malicious or fraudulent"—to deter intentional breaches of insurance contracts. *Rawlings v. Apodaca*, 726 P.2d 565, 571-76 (Ariz. 1986). Thus, there is no reason Arizona would

7

adopt Section 39 of the Restatement when it has already protected insureds against opportunistic breaches of insurance contracts by insurers.

Because Plaintiffs cannot state a claim for unjust enrichment under Arizona law, this Court should dismiss Count III of the First Amended Complaint with prejudice.

## II.     THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER A.R.S. § 20-443.

### A.     Plaintiffs' new allegation based on the language of their policy is insufficient to state a claim for relief.

Plaintiffs, apparently realizing they cannot bring a misrepresentation claim under A.R.S. § 20-443 for the adjustment of a claim under a policy, are now attempting to manufacture a claim to fit within Section 20-443.  Plaintiffs claim that State Farm "misrepresented the Replacement Cost Value and the Actual Cash Value that the class members were entitled to by using the construction database for restoration property claims, whereas the restoration database should have been used," because their policy states, "We will pay the cost to repair or replace the damaged part of the property … covered under Section 1-COVERAGES, COVERAGE A- DWELLING." [Dkt. 11, at 10-11.] Plaintiffs omit that this provision promises that State Farm "will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations."  [Dkt. 11-1, at 19.]  This provision *does not* make any representation regarding the Xactimate database that State Farm will use when adjusting the claim. Instead, it provides that State Farm will put the insured in the same pre-loss condition with like kind and quality materials.

8

Further, a provision in the policy cannot constitute an "estimate, illustration, circular, sales material or statement" that misrepresented "the terms of any policy issued or to be issued." A.R.S. § 20-443.  Section 20-443 contemplates misrepresentations made in connection with the sale or advertisement of insurance policies.  Any such misrepresentation would, therefore, precede or be in addition to the terms of the policy. *See Enyart v. Transamerica Ins. Co.*, 985 P.2d 556, 563, ¶ 21 (Ariz. Ct. App. 1998). Plaintiffs have not made any such allegation.  They generally describe the elements of Section 20-443, but they provide no facts to support such a claim.  This is insufficient to plead a claim under Section 20-443, which must be plead with particularity.  *See* Fed. R. Civ. P. 9(b); *Williamson v. Allstate Ins. Co.*, 204 F.R.D. 641, 644 n.4 (D. Ariz. 2001).

In sum, Plaintiffs cannot transform their breach of contract and bad faith claims into a misrepresentation claim.  Plaintiffs' claim for relief under Section 20-443 should, therefore, be dismissed.

> **B.     A new misrepresentation claim under Section 20-443 is barred by the one-year statute of limitations.**

Even if Plaintiffs could allege a misrepresentation in connection with the sale of the policy encompassed within Section 20-443 (which they have not), any such claim would be barred by the one-year statute of limitations because it is based on entirely new facts and allegations not made in the original Complaint.

The original Complaint asserted only that State Farm had failed to provide full payment to the Phillipses for their loss under the terms of the insurance policy.  [Exh. A,

¶¶ 5-21.] Their new allegation regarding an alleged misrepresentation made in connection with sale of the policy does not arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The original Complaint provided no notice of this claim and it does not even mention the use of the new construction database. *See Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989) ("We consider whether the original and amended pleadings share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question.").

Plaintiffs rely heavily on *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 395 (E.D.N.Y. 1998), but in that case, the district court analyzed whether a complaint could be amended to add class members who had the same claims that the named plaintiff pled in the original Complaint. Here, in contrast, Plaintiffs have added an entirely new claim under Section 20-443. This new claim must arise from the same conduct, transaction or occurrence set out in the original Complaint. It does not. Therefore, it does not relate back and is barred by the statute of limitations.

## IV.    CONCLUSION

For all of the foregoing reasons, State Farm respectfully requests that this Court dismiss Counts III and IV of the First Amended Complaint with prejudice.

DATED this 23rd day of August, 2019.

BROENING OBERG WOODS & WILSON, P.C.

By: */s/ Alice M. Jones*
       Robert T. Sullivan
       Alicyn M. Freeman
       Alice M. Jones
       2800 N. Central Avenue, Suite 1600
       Phoenix, Arizona 85004
       *Attorneys for Defendant*
       *State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of August, 2019, I caused the attached documents to be electronically transmitted to the Clerk's office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants:

Michael N. Poli
Lawrence R. Moon
MERLIN LAW GROUP P.A.
2999 North 44th Street, Suite 520
Phoenix, AZ 85018
mpoli@merlinlawgroup.com
lmoon@merlinlawgroup.com
*Attorneys for Plaintiffs*

Stephen E. Silverman
STEPHEN SILVERMAN LAW
6945 East Sahuaro Drive, Suite 125
Scottsdale, Arizona 85254
steve@stephensilverman.com
*Attorney for Plaintiffs*

By */s/ Jane Stimbert*

11