LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE, SUITE 1600
PHOENIX, ARIZONA  85004
(602) 271-7700

Robert T. Sullivan (Ariz. Bar No. 022719)
rts@bowwlaw.com
Alicyn M. Freeman (Ariz. Bar No. 023916)
amf@bowwlaw.com
Alice M. Jones (Ariz. Bar No. 028062)
amj@bowwlaw.com
Minute Entries/Orders
cjg@bowwlaw.com
*Attorneys for Defendant State Farm Fire
and Casualty Company*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anderson Phillips and Jasmine Phillips, husband and wife, | No. 2:19-CV-04605-GMS |
| Plaintiffs, | **DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |
| vs. | |
| State Farm Fire and Casualty Company, an Illinois corporation, | |
| Defendant. | (Assigned to the Hon. G. Murray Snow) |

Defendant State Farm Fire and Casualty Company (hereinafter "State Farm"), for its Answer to Plaintiff's First Amended Claim Action Complaint, admits, alleges and denies as follows:

1.    State Farm lacks sufficient information to admit or deny the allegations of Paragraph 1.

2.      State Farm admits the allegations of Paragraph 2.

3.      State Farm admits the allegations of Paragraph 3.

4.      Answering Paragraph 4, State Farm admits that jurisdiction and venue are proper in this Court.

5.      Answering Paragraph 5, State Farm admits that it issued Policy number 03-J4-4660-2 (the "Policy") providing certain insurance coverage for personal and real property at 614 West Desert Lane, Phoenix, Arizona 85041 (the "Property") subject to the terms, conditions, limitations and exclusions of the Policy, which speaks for itself.

6.      Answering Paragraph 6, State Farm admits that a fire caused certain damage to the Property on December 6, 2015.  State Farm denies any other allegations of Paragraph 6.

7.      Answering Paragraph 7, State Farm admits that December 6, 2015 was within the Policy's term.  State Farm denies any other allegations of Paragraph 7.

8.      Answering Paragraph 8, State Farm admits that Plaintiffs submitted a claim under the Policy but denies all other allegations of Paragraph 8.

9.      State Farm admits the allegations of Paragraphs 9-10.

10.     State Farm denies the allegations of Paragraphs 11-12.

11.     State Farm admits the allegations of the first sentence of Paragraph 13.  State Farm lacks information to either admit or deny the second sentence of Paragraph 13, and therefore denies the same.

12.     Answering Paragraph 14, State Farm admits that it received a purported

2

estimate of the costs of repair from Skipton & Associates, Inc. ("Skipton") but denies that the estimate reflected the true and accurate costs of repair.

13.     State Farm admits the allegation of Paragraph 15.

14.     State Farm denies the allegations of Paragraphs 16-21. State Farm affirmatively alleges that the investigation and adjustment was timely, reasonable and proper.

15.     Answering Paragraph 22, State Farm lacks information to either admit or deny the allegation made therein, and therefore denies the same.  State Farm alleges that Xactimate is a software tool that utilizes industry standard pricing and aids State Farm adjusters in creating estimates for structure losses.

16.     Answering Paragraph 23, State Farm admits that it utilizes the Xactimate estimating tool to help adjust residential and commercial property loss claims.

17.     Answering Paragraph 24, State Farm alleges that it is vague and ambiguous and cannot be admitted or denied, and therefore denies the same.  State Farm alleges that the Xactimate software tool aids State Farm adjusters in creating estimates for structure losses.  The amount ultimately paid by State Farm in each individual claim varies based on a number of factors, including the information provided by the insured, other estimates submitted and the expenses incurred by the insured.

18.     Answering Paragraph 25-27, State Farm alleges that the Xactimate software tool utilized by State Farm has different labor efficiencies available for the adjuster to utilize if applicable depending on the facts and circumstances of the loss and to use in

3

conjunction with the knowledge and expertise of the adjuster creating the initial estimate for structure losses.  The remainder of Paragraphs 25-27 is denied.

19. Answering Paragraph 28, new construction labor efficiencies depend on numerous variables such as job size, complexity, accessibility and whether the structure is occupied, among others.  These variables may exist for true new construction, ground-up rebuilds and some portions of a large partial loss.  The restoration/service/remodel option is for jobs other than total losses or new construction and accounts for the overall reduction in productivity that occurs when repair professionals address complex issues found in restoration or remodeling jobs.  State Farm denies any other allegations of Paragraph 28.

20. Answering Paragraph 29, State Farm alleges that the Xactimate software tool utilized by State Farm has different labor efficiency calculations available for the adjuster to utilize if applicable depending on the facts and circumstances of the loss and to use in conjunction with the knowledge and expertise of the adjuster creating the initial estimate for structure losses.  State Farm denies any other allegations of Paragraph 29.

21. State Farm denies the allegations of Paragraphs 30-32, and specifically denies that "Xactimate had two databases."

22. Answering Paragraph 33, the use of the term "requiring restoration" is vague and ambiguous.  State Farm denies the allegation of Paragraph 33 to the extent it assumes that a "new construction database" exists and alleges that State Farm utilized improper labor efficiencies when estimating property loss claims.  State Farm denies any other allegations of Paragraph 33.

4

23.    State Farm denies the allegations of Paragraphs 34-43.

24.    Answering Paragraph 44, State Farm admits that Plaintiffs purport to bring this suit as a class action but denies that this suit may properly be certified for class treatment and denies that Plaintiffs have identified a certifiable class under Rule 23, Fed. R. Civ. P.  State Farm additionally denies that Rule 23 of the Arizona Rules of Civil Procedure applies as this matter has been removed to federal court.

25.    Paragraph 62 on page 5 of the First Amended Class Action Complaint does not contain factual allegations to which a response is required.[1]  To the extent a response is required, State Farm denies the allegations of Paragraph 62 and reserves all rights.

26.    State Farm denies the allegations in Paragraphs 63-74 on pages 6-9 of the First Amended Class Action Complaint.  State Farm alleges that this case has been removed to federal court and Arizona Rule of Civil Procedure 23 no longer applies.  State Farm alleges that Plaintiffs cannot satisfy the prerequisites of Federal Rule of Civil Procedure 23(a) and (b). State Farm further alleges that Plaintiffs cannot establish adequacy, commonality or typicality under Rule 23(a), Fed. R. Civ. P., and Plaintiffs cannot satisfy any of the three subsections under Rule 23(b), Fed. R. Civ. P., including superiority and predominance under Rule 23(b)(3).

27.    Answering Paragraph 45, State Farm incorporates by reference all previous denials, admissions and allegations contained in its responses to Paragraphs 1-44, 62-74 of

---

[1] Note, the paragraph numbers of the First Amended Class Action Complaint skip from 44 to 62 on page 5, and then return to paragraph number 45 on page 9.

the First Amended Class Action Complaint, as if set forth completely herein.

28.     Answering Paragraphs 46 and 47, State Farm admits that the Policy provides certain insurance coverage for personal and real property at the Property subject to the terms, conditions, limitations and exclusions of the Policy. State Farm denies that Paragraphs 46 and 47 provide a complete and accurate description of the Policy and corresponding coverages.

29.     Answering Paragraph 48, State Farms admits that the Policy contains an implied covenant of good faith and fair dealing.  State Farm affirmatively alleges that Plaintiffs also owe an implied duty of good faith and fair dealing under the Policy.

30.     State Farm denies the allegations of Paragraph 49-54.

31.     Answering Paragraph 55, State Farm incorporates by reference all previous denials, admissions and allegations contained in its responses to Paragraphs 1-44, 62-74, 45-54 of the First Amended Class Action Complaint, as if set forth completely herein.

32.     Paragraph 56 does not contain factual allegations to which a response is required.  To the extent a response is required, State Farm denies that the quoted language in Paragraph 56 contains a complete and accurate summary of relevant law.

33.     Answering Paragraph 57, State Farms admits that the Policy contains an implied covenant of good faith and fair dealing.  State Farm affirmatively alleges that Plaintiffs also owe an implied duty of good faith and fair dealing under the Policy.

34.     Answering Paragraph 58, State Farm admits that the obligation by State Farm under the Policy is governed by the Policy language including its terms, conditions,

limitations and exclusions.  State Farm affirmatively alleges it has complied with the Policy terms and paid Plaintiffs for their Loss pursuant to the terms, conditions, limitations and exclusions of the Policy.

35.    State Farm denies the allegations of Paragraphs 59-65 on pages 10-11 of the First Amended Class Action Complaint.

36.    Answering Paragraph 66, State Farm incorporates by reference all previous denials, admissions and allegations contained in its responses to Paragraphs 1-44, 62-74, 45-65 of the First Amended Class Action Complaint, as if set forth completely herein.

37.    State Farm denies the allegations of Paragraphs 67-70 on pages 11-12 of the First Amended Class Action Complaint.

38.    Answering Paragraph 71, State Farm incorporates by reference all previous denials, admissions and allegations contained in its responses to Paragraphs 1-44, 62-74, 45-70 of the First Amended Class Action Complaint, as if set forth completely herein.

39.    State Farm denies the allegations of Paragraphs 72-75 on page 12 of the First Amended Class Action Complaint.

40.    State Farm denies each and every allegation contained in the First Amended Class Action Complaint, and each part or subpart thereof that is not expressly admitted above.

## AFFIRMATIVE DEFENSES

41.    State Farm sets forth below its affirmative defenses. By setting forth these affirmative defenses, State Farm does not assume the burden of proving any fact, issue or

7

element of a claim where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as acknowledgment that any particular issue or subject matter is relevant to Plaintiffs' allegation.  Further, State Farm fully reserves its rights to assert additional defenses, counter-claims, cross-claims or third-party claims and/or to amend, supplement or augment this Answer, based on further investigation and discovery.

42.    State Farm alleges Plaintiffs' First Amended Class Action Complaint and the putative class member claims fail to state a claim upon which relief can be granted.

43.    State Farm alleges that Plaintiffs and putative class members failed to mitigate their damages.

44.    State Farm alleges that Plaintiffs' and putative class members' claims for breach of the covenant of good faith and fair dealing and all damages allegedly arising therefrom, are barred based on Plaintiffs' and putative class members' inability to show the absence of a reasonable basis for the manner in which the claims for benefits under the policy were handled (i.e. that the appropriateness of the handling of the claims under the policy is not at least "fairly debatable").

45.    State Farm alleges that any damages in connection with Plaintiffs' and putative class members' claims are subject to offset and remittitur if and to the extent Plaintiffs and putative class members receive compensation for their alleged loss from persons other than State Farm

46.	State Farm alleges that all or a portion of Plaintiffs' and putative class members' damages, if any, were proximately caused or contributed to by their own actions or inactions and/or the actions and/or inactions of his agents and/or actions of others, all of which either bars or reduces on a comparative basis any recovery against State Farm, including contributory negligence of any non-party that may have been partially or wholly at fault pursuant to A.R.S. §12-2506(B).

47.	State Farm denies that it breached any legal, equitable, or contractual obligation or duty owed to Plaintiffs and putative class members, and asserts that, at all material times, it acted in good faith, in compliance with Arizona law, according to the terms of the applicable policies, without malice or intent to mislead or harm Plaintiffs or putative class members or in reckless disregard of Plaintiffs' or putative class members' rights.

48.	Plaintiffs' and putative class members' claims are barred, in whole or in part, by failure to comply with requirements and provisions of their respective policies.

49.	Plaintiffs' and putative class members' claim for punitive damages may violate the Fourteenth Amendment of the Constitution of the United States and the Constitution of the State of Arizona.

50.	State Farm maintains that Plaintiffs' and putative class members' claims are barred in whole or in part by the applicable statute of limitations.

51.	State Farm alleges that Plaintiffs' claims are barred because they have not suffered any injury or damage as a result of the acts alleged in the First Amended Class

Action Complaint when they have admitted to being fully paid by State Farm for the repairs to the Property under the terms of the Policy.

52. State Farm asserts affirmative defenses of waiver, release, accord and satisfaction, estoppel, set-off, payment, mootness, ripeness and laches.

53. State Farm asserts that Plaintiffs lack standing to assert the claims for relief alleged in the First Amended Class Action Complaint on their own behalf or on behalf of any putative class members.

54. State Farm reserves all rights under the policies issued to Plaintiffs and the putative class members. This includes the right to enforce all policy provisions, conditions, limitations and exclusions, and to demand arbitration pursuant to the terms of the policies.

55. State Farm alleges that Plaintiffs' First Amended Class Action Complaint arises out of contract entitling State Farm to an award of its costs and attorneys' fees herein incurred in accordance with the provisions of A.R.S. §§ 12-341.01 and 12-349.

56. State Farm demands a trial by jury.

WHEREFORE, State Farm respectfully requests judgment in its favor as follows:

A. That the First Amended Class Action Complaint be dismissed with prejudice and that Plaintiffs and putative class members take nothing thereby;

B. That State Farm be discharged and awarded its reasonable attorneys' fees and costs incurred herein; and

C. That State Farm be awarded such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 20th day of November, 2019.

BROENING OBERG WOODS & WILSON, P.C.


By: */s/ Alicyn M. Freeman*
     Robert T. Sullivan
     Alicyn M. Freeman
     Alice M. Jones
     2800 North Central Avenue, Suite 1600
     Phoenix, Arizona 85004
     *Attorneys for Defendant*
     *State Farm Fire and Casualty Company*

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2019, I caused the attached document to be electronically transmitted to the Clerk's office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants:

Michael N. Poli
Lawrence R. Moon
MERLIN LAW GROUP P.A.
2999 North 44th Street, Suite 520
Phoenix, AZ 85018
mpoli@merlinlawgroup.com
lmoon@merlinlawgroup.com
*Attorneys for Plaintiffs*


By */s/ Suzanne Beard*