LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE, SUITE 1600
PHOENIX, ARIZONA  85004
(602) 271-7700

Robert T. Sullivan (Ariz. Bar No. 022719)
rts@bowwlaw.com
Alicyn M. Freeman (Ariz. Bar No. 023916)
amf@bowwlaw.com
Alice M. Jones (Ariz. Bar No. 028062)
amj@bowwlaw.com
Minute Entries/Orders
cjg@bowwlaw.com
*Attorneys for Defendant State Farm Fire
and Casualty Company*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anderson Phillips and Jasmine Phillips, husband and wife, | No. 2:19-CV-04605-GMS |
| Plaintiffs, | **JOINT REPORT** |
| vs. | |
| State Farm Fire and Casualty Company, an Illinois corporation, | (Assigned to the Hon. G. Murray Snow) |
| Defendant. | |

Defendant State Farm Fire and Casualty Company ("Defendant") and Plaintiffs

Anderson Phillips and Jasmine Phillips ("Plaintiffs"), pursuant to the Court's November

20, 2019 Order Setting Rule 16 Case Management Conference [Docket No. 19], and having

conferred in accordance with that Order and Fed. R. Civ. P. 26(f), submit this Joint Report

in advance of the Case Management Conference set for January 24, 2020 at 9:00 a.m.

T2428102.DOCX;1

**1.      List of Parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report:**

Counsel Nicholas Smith of Merlin Law Group for Plaintiffs and Alicyn Freeman for Defendant attended the Rule 26(f) meeting on January 13, 2020 and assisted in developing the Case Management Report.  During the meeting, counsel agreed to schedule private mediation in the next 60 days in an attempt to resolve this matter.

**2.      A list of the parties in the case, including any parent corporations or entities (for recusal purposes):**

Anderson Phillips and Jasmine Phillips

State Farm Fire and Casualty Company

State Farm Mutual Insurance Company

**3.      A short statement of the nature of the case (3 pages or less):**

Plaintiffs Anderson and Jasmine Phillips ("Plaintiffs") originally filed a Complaint in Maricopa County Superior Court on September 30, 2016, alleging claims for breach of contract and tortious bad faith against State Farm.  On May 30, 2019, Plaintiffs obtained leave to amend the Complaint from the Superior Court to add a class action claim and to add the claims of unjust enrichment and misrepresentation/false disclosures under A.R.S. § 20-443, for both Plaintiffs and the putative class members.  The First Amended Class Action Complaint was filed on June 3, 2019.  State Farm removed this case to this Court on July 1, 2019.

Anderson Phillips reported a fire loss to his home located at 214 W Desert Ln,

T2428102.DOCX;1                                        -2-

Phoenix to State Farm on December 6, 2015 and made a claim under State Farm Policy Number 03-J4-4660-2 (the "Policy").  The inspection revealed that the roof framing system sustained heavy charring throughout and would require removal.  The interior sustained heavy water and smoke damage throughout.  All interior finishes would require removal.  The home had tile throughout and average grade interior finishes.

State Farm prepared an Xactimate estimate for the repairs to the Phillips' home using new construction labor efficiencies, which takes into account the labor efficiencies which State Farm asserts are present during this kind of rebuild.  State Farm's Operation Guide contemplates using the "new construction" setting for the Phillips claim, where the repair process retains significant new construction efficiencies:

> The New Construction option provides a cost for each line item based upon the most efficient labor productivity available. This option is intended to be used for true new construction applications or for jobs in which a total "ground-up" rebuild is necessary. Additionally, it is possible that some portions of a large partial loss may be addressed using this efficiency setting. For example, as the rebuild process progresses, it is possible that a certain phase may be reached in which the remaining portions of the repair are more in line with a new construction scenario.

[Operation Guide – Claim Practices, Fire, at PHILA00001223PROD.] State Farm asserts that the alternate "restoration" setting is inappropriate for the kind of extensive repairs necessary here:

> this option provides a cost for each line item based upon a labor productivity that includes such things as drive time, mobilization costs, material delivery, and the overall reduction

in productivity that occurs when repair professionals address the complex issues found in restoration and remodeling jobs (for example, matching drywall texture or working in an occupied home).

[*Id.*]

Plaintiffs, who were represented by a public adjuster, challenged State Farm's use of new construction pricing. State Farm explained in a letter to the insured's public adjuster its position that new construction pricing was appropriate under these circumstances:

According to Xactware, restoration service and remodeling work is done in existing structures, often with people still living in the buildings. In this environment, construction workers must work with existing features and additional time is often required to make sure the work does not cause additional damage.

Xactware indicates new construction is more efficient because work moves forward in a logical sequence and workers don't need to worry about protecting existing features so restoration service and remodeling work often takes longer than it does when doing the same work on a new construction.

[3/7/16 Letter from R. Gonzales to J. Skipton, PHILA00000266PROD.]

Plaintiffs allege that it was improper for State Farm to utilize new construction labor efficiencies in its Xactimate estimate for repair to Plaintiffs' home. State Farm alleges that the use of new construction labor efficiencies were appropriate given the facts and circumstance of the claim and the repair at the Phillips' home.

Plaintiffs' Amended Complaint asserts putative class claims and State Farm opposes the putative class claims and certification.

T2428102.DOCX;1                                    -4-

**4.     The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific jurisdictional statutes:**

This Court has jurisdiction under 28 U.S.C. § 1332(d), as this is a civil action in which the matter in controversy exceeds the jurisdictional minimum of $5,000,000, exclusive of interests and costs, and is a class action in which a member of the putative class is a citizen of a State different from State Farm and the number of putative class members exceeds 100.  Further, jurisdiction is proper pursuant to the Class Action Fairness Act ("CAFA"), and USC §§ 1441, 1446, and 1453(a) and (b).

**5.     Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not been answered or otherwise appeared:**

None.

**6.     A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the Case Management Conference for joining parties and amending pleadings):**

None.

**7.     A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705):**

If the case does not resolve during the mediation that the parties have agreed to schedule in the next 60 days, Defendant State Farm anticipates filing a Motion for

T2428102.DOCX;1                                    -5-

Summary Judgment and an opposition to Plaintiff's motion for class certification.

**8.     Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial:**

This matter is not suitable for reference to a United States Magistrate Judge.

**9.     The status of related cases pending before other courts or other judges of this Court:**

None.

**10.     A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced (*see* Rules 16(b)(3), 26(f)(3)):**

The parties have agreed to the disclosure of electronically stored information in PDF form.

**11.     A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(3), 26(f)(3)):**

The parties informally agreed to keep some documents confidential while this matter was pending in state court.  Now that the action has been removed, the parties are negotiating a formal protective order to be signed by the court and will submit that for the court's review once finalized.

**12.     A discussion of any issues relating to claims of privilege or work product (see Rules 16(b)(3), 26(f)(3)):**

T2428102.DOCX;1                              -6-

See Paragraph 11.

**13.    A discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have arisen, a description of those issues so the Court may resolve them at the Rule 16 conference.  If the Rule 26(f) joint report raises MIDP issues for the Court to resolve, copies of the parties' MIDP disclosures should be attached to the report.**

The parties exchanged MIDP responses on December 20, 2019.

**14.    A discussion of necessary discovery.  This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:**

**a.    The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case**:

State Farm intends to depose David Fix.  Mr. Fix is the owner of ADANAC Builders, the contractor that repaired the Phillips' home.  Mr. Fix was deposed in this matter on May 4, 2018.  However, Plaintiffs attached a previously undisclosed invoice from ADANAC Builders Corporation dated October 29, 2018, and an affidavit from Mr. Fix dated May 24, 2019, to Plaintiffs' Reply in Support of Plaintiffs' Motion for Leave to Amend Complaint to Add Class Action dated May 24, 2019

As a result, State Farm anticipates deposing Mr. Fix about this supplemental affidavit and invoice.  The affidavit and invoice were used to argue that Plaintiffs owe ADANAC Builders additional money related to the repair of fire damage to their home.  However, the prior testimony indicated that the amount paid by State Farm was all that was

T2428102.DOCX;1                                     -7-

owed under the Policy, repairs were completed and additional charges were made by ADANAC for upgrades, not repairs that would be covered by the Policy.

State Farm also anticipates taking the deposition of Plaintiffs' expert, Chaney Hines.

State Farm reserves the right to identify additional discovery that may be necessary to oppose class certification after Plaintiffs supplement their MIDP with a definition of their putative class and in response to any other supplements to Plaintiffs' MIDP Response.

Plaintiffs intend on deposing State Farm employees and/or agents involved in preparing Xactimate estimates, State Farm employees and/or agents involved in handling Plaintiffs' claim, State Farm employees and/or agents most knowledgeable about Plaintiffs' claim, State Farm employees and/or agents most knowledgeable about State Farm's Operation Guide, and any experts identified by State Farm.

Plaintiffs also intend on obtaining all materials relevant to the claim including, but not limited to, claim notes, claim logs, inspection reports, estimates, underwriting files, correspondence with their insureds, and personnel files of State Farm adjusters involved in handling Plaintiffs' claim. Also, Plaintiff intends on obtaining all materials relevant to State Farm's Operation Guide including, but not limited to, how it was developed and training materials related to how to implement it and apply it to certain claims. Plaintiffs also intend on obtaining materials related to bonus incentive plans, and other incentive benefits that State Farm offers its adjusters. Plaintiffs reserve the right to identify additional discovery that may be necessary.

State Farm maintains the scope of discovery identified by Plaintiffs is overly broad

T2428102.DOCX;1                                    -8-

and that it is unclear if the proposed discovery is proportional to the needs of the case and, therefore, State Farm reserves all objections.

**b.      Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure:**

None at this time.

**c.      The number of hours permitted for each deposition.  The parties should consider whether a total of number of deposition hours should be set in the case, such as 30 total hours for Plaintiffs and 30 total hours for Defendants.  Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.**

The parties stipulate to a presumptive deposition time limit of four hours which can be extended for good cause.

**15.      A statement of when the parties served their MIDP discovery responses:**

The parties exchanged MIDP responses on December 20, 2019.  Plaintiffs did not include a putative class definition in their MIDP response.  Defendant's counsel sent correspondence to Plaintiffs' counsel on December 16, 2020 stating that "State Farm expects that it will be unable to provide a complete disclosure regarding its defenses to class certification due to ambiguities and deficiencies in the class definition as currently plead."

**16.** **Proposed specific dates for each of the following** (**deadlines should fall on a Friday unless impracticable**):

The parties agreed during the January 13, 2020 meet and confer to schedule private mediation in the next 60 days.  The parties therefore jointly request that the scheduling conference be continued and the deadline to submit proposed deadlines and a scheduling order be extended for sixty days to allow the parties to participate in mediation.

**17.** **Whether a jury trial has been requested and whether the request for a jury trial is contested:**

Trial by jury has been requested and is not contested

**18.** **The prospects for settlement, including any request of the Court for assistance in settlement efforts:**

The parties agreed at the meet and confer meeting on January 13, 2020 to set mediation in the next 60 days in an attempt to resolve this matter by settlement.

**19.** **Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.**

The parties respectfully request that this court vacate the scheduling conference set for January 24, 2020 and reschedule the hearing in 60 days.  If the case does not resolve at mediation, the parties will meet and confer and submit a supplemental Joint Report and Scheduling Order.

T2428102.DOCX;1                                    -10-

DATED this 17th day of January, 2020.

BROENING OBERG WOODS & WILSON, P.C.

By: */s/ Alicyn M. Freeman*
     Robert T. Sullivan
     Alicyn M. Freeman
     Alice M. Jones
     2800 North Central Avenue, Suite 1600
     Phoenix, Arizona 85004
     *Attorneys for Defendant*
     *State Farm Fire and Casualty Company*

MERLIN LAW GROUP P.A.

By: */s/ Michael N. Poli (with permission)*
     Michael N. Poli
     Lawrence R. Moon
     2999 North 44th Street, Suite 520
     Phoenix, AZ 85018
     *Attorneys for Plaintiffs*

T2428102.DOCX;1            -11-

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2020, I caused the attached document to be electronically transmitted to the Clerk's office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants:

Michael N. Poli
Lawrence R. Moon
MERLIN LAW GROUP P.A.
2999 North 44th Street, Suite 520
Phoenix, AZ 85018
mpoli@merlinlawgroup.com
lmoon@merlinlawgroup.com
*Attorneys for Plaintiffs*


By */s/ Suzanne Beard*

T2428102.DOCX;1                    -12-